IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **VINCENT KLOCK,** | CASE NO. 3:21 CV 1888 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **UNITED COLLECTION BUREAU,** | **MEMORANDUM OPINION AND** |
| Defendant. | **ORDER** |

### INTRODUCTION

*Pro se* Plaintiff Vincent Klock filed this action in October 2021 alleging a violation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1). Defendant United Collection Bureau answered (Doc. 7), and then filed the currently-pending Motion for Judgment on the Pleadings (Doc. 13). Plaintiff has not responded to Defendant's motion, and the time in which to do so has expired. *See* Local Civ. R. 7.1(d) (providing that opposition to a dispositive motion must be filed within 30 days). For the reasons discussed below, the Court GRANTS Defendant's Motion.

### BACKGROUND

Plaintiff brought this action asserting an FDCPA violation. *See* Doc. 1, at 3. He contends that "[i]n the course of collecting an alleged tax for the State of Indiana" Defendant failed to comply with FDCPA practices by "fail[ing] to provide advance letter of alleged debt and opportunity to dispute within 30 days." *Id.* at 4. Plaintiff asserts he repeatedly requested such a letter, but "Defendant declined[,] sending only an agreement for weekly payments which were not received by Plaintiff's bank as documented but later causing overdraft fees to Plaintiff's

account." *Id.*[1] Plaintiff further notes "that unlike the State of Indiana Tax revenue, even the Federal Tax rev[e]nue gives advance notice prior to collection and/or garnishment [of] a tax[]payer[']s assets." *Id.* at 5. He seeks a refund of $3,000 he asserts was collected from his bank account, $80,000 in compensatory damages, $46,000 in punitive damages, and $146,000 for pain and suffering. *Id.* at 4.

## STANDARD OF REVIEW

The standard of review for a motion for judgment on the pleadings is the same as a motion to dismiss for failure to state a claim under Federal Civil Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). A "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). "[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

---

1. Defendant attaches two letters it sent to Plaintiff. The first, dated November 11, 2020 informs Plaintiff Defendant is collecting Plaintiff's tax liability on behalf of the Indiana Department of Revenue. (Doc. 13-1). The second, dated, June 4, 2021, reiterates this, and sets forth a payment schedule. (Doc. 13-2). A court generally may not consider documents outside the pleadings when deciding a motion under Rule 12(b)(6). *Gunasekera v. Irwin*, 551 F.3d 461, 469 n.4 (6th Cir. 2009). However, the Sixth Circuit "has taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Documents "referred to in a complaint and central to the claim, [which are] attached to a motion to dismiss form part of the pleadings." *Id.* "[I]f extrinsic materials merely 'fill in the contours and details' of a complaint, they add nothing new and may be considered without converting the motion to one for summary judgment." *Id.* (citing *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). Because these communications are referenced in the Complaint and merely "fill[s] in the contours and details" of Plaintiff's Complaint, the Court may consider them.

**DISCUSSION**

Defendant contends it is entitled to judgment on Plaintiff's FDCPA claim because collection of a tax debt such as that at issue here is not covered by the FDCPA. For the reasons stated below, Defendant's Motion for Judgment on the Pleadings will be granted.

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). It imposes civil liability for certain prohibited debt collection practices.

The statute defines "debt" as: ‼

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

The statute does not further define the word "transaction", but many courts have construed this definition of "debt" to limit the scope of the FDCPA to include only obligations arising out of a "consumer transaction". *See Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997) ("[T]he FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services."); *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) (holding obligation to pay child support not a "debt" under the FDCPA because it was not incurred in exchange for consumer goods or services). That is, the definition's "requirement of a 'consumer transaction' implies consent." *Dunlap v. Douglass*, 2014 WL 4076146, at *1 (S.D. Ohio); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir.1998) ("[A]t a

minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation."); *Gibson v. Pro. Acct. Mgmt.*, 2011 WL 6019958, at *2 (E.D. Mich.) ("This consumer protection act does not broadly apply to all debts; rather, it applies only to specific types of debts—those arising out of "consensual transactions.") (citing *Graham v. ACS State & Local Solutions, Inc.*, 2006 WL 2911780, at *1 (D. Minn.) ("At a minimum, the transaction must involve a business dealing or other consensual consumer obligation.")); *see also Pittman v. Babcock, Wasserman & Green*, 2005 WL 8166353, at *3 (N.D. Ohio) ("After careful consideration, the court concludes that a *pro tanto* type exchange is required to give rise to the type of transaction envisioned by the statute because the FDCPA's scope is limited to consumer transactions."). As the *Pittman* court summarized: "[T]he Act is concerned with protecting consumers, not thieves or tax delinquents." 2005 WL 8166353, at *3.

Courts have correspondingly held that debts arising out of non-consensual transactions (like taxes) are not covered by the FDCPA. *See Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir. 1998) (holding personal property taxes levied upon personal automobiles are not "debts" under the FDCPA because they do not involve a transaction as contemplated by the FDCPA); *Staub v. Harris*, 626 F.2d 275, 278-79 (3d Cir. 1980) (holding that the FDCPA "does not apply to practices occurring in the course of collection of taxes"); *see also Boyd v. J.E. Robert Co.*, 765 F.3d 123, 126 (2d Cir. 2014) (finding mandatory water and sewer charges do not fall within the FDCPA's definition of debt); *Graham*, 2006 WL 2911780, at *2 (debt arising from unpaid parking ticket not a consumer transaction under the FDCPA); *Moreland v. I.R.S.*, 2003 WL 21791249, at *3 (W.D. Tex.) ("[T]he plaintiffs have failed to state a claim under the FDCPA because unpaid income taxes are not considered debts for the purposes of the act."); *Mathis v.*

4

*U.S. ex rel. C.I.R.*, 2003 WL 1950071, at *6 (D.S.D.) (finding income tax liabilities not "debts" under the FDCPA).

Further enforcing this interpretation that taxes do not fall within the FDCPA's definition of "debt" is the definition's requirement that the "subject of the transaction [be] primarily for personal, family, or household purposes". 15 U.S.C. § 1692a(5). Taxes do not satisfy this definition because they are *primarily* for public or collective purposes, and only *secondarily* benefit "personal, family, or household purposes." *See Staub*, 626 F.2d at 278 ("Taxes are used for more general purposes; they are not limited to the [FDCPA's] statutory purposes. They provide funds for such nonpersonal purposes as prisons, roads, defense, courts and other governmental services."); *Newman v. Boehm, Pearlstein & Bright*, 119 F.3d 477, 481 (7th Cir. 1997) ("past-due tax obligations . . . are not considered "debts" under the Act because they generally are used for communal rather than personal, family, or household purposes.") (citing *Staub*, 626 F.2d at 278); *Pittman*, 2005 WL 8166353, at *4 (relying on *Staub* and finding municipal taxes not within the definition because they are, *inter alia*, are not primarily for personal, family, or household purposes); *Cf. St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 363 (3d Cir. 2018) (finding highway tolls do not fall within the FDCPA's "debt" definition because, in part, "toll liability . . . does not constitute "an[ ] obligation . . . primarily for personal, family, or household purposes").

Finally, although the Sixth Circuit has not directly weighed in on the question of whether taxes fall within the FDCPA's definition of "debt", it has held in the bankruptcy context that federal income tax debt should not be considered consumer debt because it is not voluntarily incurred, it is incurred for public rather than personal or household purposes, and it does not arise out of consumption. *See In re Westberry*, 215 F.3d 589, 591 (6th Cir. 2000). Therein, the Sixth

5

Circuit cited both *Beggs*, 145 F.3d 511 (2d Cir. 1998) and *Staub*, 626 F.2d 275 (3d Cir. 1980), noting that "at least two sister circuits have suggested that taxes should not be considered 'debt' under the [FDCPA]." *Id.* at 593 n.4. "Although the Sixth Circuit did not explicitly adopt the *Beggs/Staub* rationale, its discussion thereof suggests its approval of this treatment of taxes as distinct from 'debt' under the FDCPA." *Dunlap*, 2014 WL 4076146, at *4.

Plaintiff brings a claim for a violation of the FDCPA based on Defendant's actions "[i]n the course of collecting an alleged tax for the State of Indiana". (Doc. 1, at 4). Consistent with the weight of the above persuasive authority, the Court therefore concludes the taxes owed by Plaintiff (and that Defendant acted in an attempt to collect) do not qualify as "debt" as that term is defined by the FDCPA. Accordingly, even accepting all Plaintiff's allegations as true and making all reasonable inferences in his favor, Plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Therefore, Plaintiff's Complaint fails to state a claim under the FDCPA.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion for Judgment on the Pleadings (Doc. 13) be, and the same hereby is, GRANTED.

s/ *James R. Knepp II*<br>
UNITED STATES DISTRICT JUDGE