IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**VINCENT KLOCK,**      CASE NO. 3:21 CV 1888

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**UNITED COLLECTION BUREAU,**

    Defendant.      **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

This Court previously granted Defendant United Collection Bureau's Motion for Judgment on the Pleadings in the above-captioned case. (Doc. 17). *Pro se* Plaintiff Vincent Klock had not filed a timely opposition thereto. *See id.* Following dismissal, Plaintiff filed an untimely opposition to the motion (Doc. 19), followed by a Motion to Alter/Amend Judgment. (Doc. 20). For the reasons set forth below, the Court DENIES Plaintiff's Motion to Alter or Amend.

### STANDARD OF REVIEW

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "A motion under Rule 59(e) is not an opportunity to re-argue a case. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

**DISCUSSION**

This Court previously granted Defendant's Motion to Dismiss on grounds that the collection of the "taxes" at issue does not fall within the Fair Debt Collection Practices Act ("FDCPA") definition of "debt". *See* Doc. 17. Therefore, the Court concluded, even construing all of Plaintiff's allegations in his favor, he could not prove any set of facts that would entitle him to relief under the FDCPA. *See id.*

In his Motion to Alter or Amend, Plaintiff asserts: (1) the Court "should have considered the factual content and caselaw contained in Plaintiff's motion" in opposition, e.g., *Pollice v. National Tax Funding*, 225 F.3d 379 (3d Cir. 2000), which holds that the FDCPA does apply to the collection taxes, and (2) Plaintiff was not served with notice of the tax debt prior to collection as it was sent to an address where he never resided. (Doc. 20); *see also* Doc. 19.

First, Plaintiff did not timely respond to Defendant's Motion to Dismiss this case, and "[a] motion under Rule 59(e) is not an opportunity to re-argue a case" or an opportunity to "raise arguments which could, and should, have been made before judgment issued." *Engler*, 146 F.3d at 374. Plaintiff – in essence – seeks to now present untimely arguments that he failed to timely present. This is not the purpose of a Rule 59(e) motion.

Second, having reviewed its original ruling, as well as Plaintiff's cited argument and caselaw, the Court is convinced it has not made a "clear error of law". *Intera Corp.*, 428 F.3d at 620 (6th Cir. 2005).

Third, Plaintiff's argument that he was not properly served with notice of the debt prior to collection is an argument based on the substantive requirements of the FDCPA, which the Court has held – and continues to hold – do not apply to the facts of this case.

As such, Plaintiff's Motion to Alter / Amend Judgment is without merit.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Alter / Amend Judgment (Doc. 20) be, and the same hereby is, DENIED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                        s/ *James R. Knepp II*
                                                      UNITED STATES DISTRICT JUDGE